**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MOSES B. KARNGBAYE,**

Plaintiff,

v.

**HANSON SPANCRETE,**

Defendant.

Civil No. 00-1987 (MJD/JGL)

**ORDER**

APPEARANCES

Thomas Klint, Esq., for Plaintiff.

David J. Duddleston, Esq., for Defendant.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on March 15, 2001, on Defendant's Motion for Sanctions and to Enforce Settlement (Doc. No. 12). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Defendant asserts that the parties settled this case on February 15, 2001 during a settlement conference before this Court. At the close of negotiations, the parties identified and agreed to the specific terms of the resolution, including consideration. Because the settlement was made confidential, its terms will not be recited here. On February 16, 2001,

FILED MAR 1 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

Plaintiff's counsel, Mr. Robert Manella, telephoned Defendant's counsel, Mr. Thomas Marshall, and told Mr. Marshall that Plaintiff was "backing out of the settlement" and "wanted to go to trial." Nevertheless, that same day, Mr. Marshall sent drafts of the settlement documents and stipulation of dismissal to Mr. Manella. Defendant now seeks to enforce the settlement as well as sanctions for Plaintiff's alleged bad faith negotiations and the necessity for bringing this motion.

Plaintiff Karngbaye admits that he "agreed to the terms of the proposed settlement at the February 15, 2001 conference." (Pl. Mem. at 2.) However, the next day, Plaintiff told his lawyer that he wanted to "back out" of the settlement because he had felt "pressured" to settle by this Court. Plaintiff does not allege that this Court engaged in any coercive, threatening, or deceitful behavior. Rather, Plaintiff attributes his feeling of "pressure" to cultural differences. Mr. Karngbaye submits, "as a native of Liberia, [he] did not believe that he could question or disagree with those in a position of authority," i.e. this Court. (Id.) Plaintiff argues that he should be able to "back out" of the agreement because of his cultural beliefs. In addition, Plaintiff maintains that the settlement was not final because it had not been reduced to writing nor had it "been duly executed" by the parties. Finally, Plaintiff denies having negotiated in bad faith or engaging in any other sanctionable conduct.

Plaintiff's protestations are negated by rudimentary principles of contract law. Settlement agreements are governed by contract law. See Sheng v. Starkey Lab., Inc., 53 F.3d 192, 194 (8th Cir. 1995) (citations omitted); Jallen v. Agre, 119 N.W.2d 739, 743 (Minn. 1963). Parties must agree on all material terms for a settlement agreement to be legally enforceable. See Sheng, 53 F.3d at 194 (citations omitted). In the present case, it is undisputed that the parties agreed on all material terms. Oral settlement agreements are valid and enforceable; a written agreement is not a prerequisite to enforcement of a settlement. See Jallen, 119 N.W.2d at 743; Gilbert v. Monsanto Co., 216 F.3d 695, 700 (8th Cir. 2000). Thus, the fact that the agreement was neither memorialized nor signed does not preclude enforcement of the oral settlement.

In determining whether a contract exists, a party's "outward manifestation of assent is determinative, rather than a party's subjective intention." Speckel v. Perkins, 364 N.W.2d 890, 893 (Minn. App. 1985) (citations omitted); see also Cederstrand v. Lutheran Bhd., 117 N.W.2d 213, 221 (Minn. 1962). Plaintiff does not dispute that he outwardly and unequivocally manifested assent to the terms of the settlement on February 15, 2001. Neither Defendant's counsel nor this Court observed any reluctance or ambivalence by Plaintiff with respect to settlement during the conference. Neither Defendant's counsel nor this Court observed any "pressuring" of Plaintiff during the negotiations. Neither Defendant's counsel nor this Court

perceived any cultural or language barriers to settlement. It is unfortunate that Plaintiff's counsel during the settlement conference, Mr. Manella, did not appear at the hearing on this motion so that he could have stated his recollections on the record. However, the Court notes that Mr. Manella did not raise any of his concerns regarding Plaintiff's cultural conventions or the validity of the agreement during the negotiation of the settlement. The Court finds that Plaintiff Karngbaye outwardly manifested assent to the settlement in every respect on February 15, 2001. The party seeking to vacate a settlement has the burden to show sufficient grounds to do so, see Johnson v. St. Paul Ins. Cos., 305 N.W.2d 571, 573 (Minn. 1981), and Mr. Karngbaye has not met his burden.

As a final matter, the Court turns to an argument raised by Plaintiff for the first time at the hearing. Plaintiff asserted that Minn. Stat. § 363.031 permitted Plaintiff to rescind the settlement. That statute provides:

> A waiver or release of rights or remedies secured by this chapter which purports to apply to claims arising out of acts or practices prior to, or concurrent with, the execution of the waiver or release may be rescinded within 15 calendar days of its execution, except that a waiver or release given in settlement of a claim filed with the department or with another administrative agency or judicial body is valid and final upon execution.

Minn. Stat. § 363.031, subd. 2 (emphasis added). The Court finds that the statute does not affect the validity and finality of the oral agreement reached on

February 15, 2001. An agreement need not be in writing to be considered "executed." See Vo v. Honeywell Inc., No. C3-97-1393, 1998 WL 15909, at *1 (Minn. App. Jan. 20, 1998) (specifically discussing "execution" in the context of § 363.031 and oral settlements) (citing Ghostley v. Hetland, 204 N.W.2d 821, 823 (Minn. 1973)), review denied, Mar. 19, 1998. The court in Vo further stated: "Executing encompasses many forms of making or completing an agreement. Nothing in the statute precludes the common law acceptance of oral agreements." Id. This Court agrees with Vo, and consequently, finds that the settlement in this case was executed on February 15, 2001, thereby removing the agreement from the parameters of § 363.031.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions and to Enforce Settlement (Doc. No. 12) is **GRANTED** as to enforcement of the settlement reached between the parties on February 15, 2001, and **DENIED** as to sanctions.

Dated: March 16, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge